UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Aron Prero<br><br>                    Plaintiff,<br><br><br><br>        -v.-<br>Forster & Garbus LLP<br><br>                    Defendant. | Civil Action No:<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Aron Prero (hereinafter, "Plaintiff"), a New York resident, brings this Complaint by and through his attorneys, against Defendants Forster & Garbus LLP (hereinafter "F&G"), based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the Fair Debt Collection Practices Act (the "FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts' does not require 'misrepresentation or other abusive debt collection practices.'" 15 U.S.C. §§ 1692(b) & (c).

1

2.  Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Id. § 1692(e). "After determining that the existing consumer protection laws ·were inadequate." Id. § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3.  The Court has jurisdiction over this action pursuant to 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201.  The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resided as well as where a substantial part of the events or omissions giving rise to this claim occurred.

## NATURE OF THE ACTION

5.  Plaintiff brings this action under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6.  Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.  Plaintiff is a resident of the State of New York, County of Rockland, residing at 35 College Rd., Monsey, NY 10952.

8.  Defendant F&G is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 60 Motor Parkway, Commack, NY 11725.

9. Upon information and belief, Defendant F&G is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS

10. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

11. At a date better known to the Defendant, the Plaintiff incurred a consumer debt to Discover Bank

12. The Discover Bank obligation arose out a transaction in which money, property, insurance or services were the subject of the transactions and were incurred primarily for personal, family or household purposes.

13. Discover Bank contracted with Defendant F&G to collect the alleged debt.

14. Defendant's collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Collection Lawsuit*

15. On October 15, 2019, the Defendant filed a lawsuit to collect the consumer debt on behalf of Discover Bank in the Supreme Court of the State of New York, County of Albany, Index No. 907032-19 (attached hereto as Exhibit A).

16. The lawsuit states that the basis of venue is that Mr. Prero (defendant in the New York State lawsuit) resides in the county which this action brought; or that he transacted business within the county in which the action is brought either in person or through his agent.

17. However, neither is true, Mr. Prero does not reside in Albany county nor does he generally transact business in that county.

18. Defendant was aware or should have been aware that Plaintiff does not reside in the county of Albany nor does he transact business within that county.

19. Plaintiff has been harassed by the filing of a lawsuit in an improper venue because it forces him to defend himself in a county other than his own.

20. It is deceptive and misleading to file a legal action in a jurisdiction that is not associated with the Plaintiff.

21. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692d *et seq.*

22. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

23. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d.

24. Pursuant to 15 U.S.C. §1692d, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person with the collection of the debt.

25. Defendants violated said section by harassing and oppressing Plaintiff by bringing a legal action in a jurisdiction where he did not reside.

26. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692d et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e *et seq.*

27. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

28. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

29. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

30. Defendants violated said section

   a. by making a false and misleading representation in violation of §1692e(10);

By reason thereof, Defendants are liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692f *et seq.*

31. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

32. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

33. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

34. Defendants violated this section by harassing Plaintiff with a lawsuit in a jurisdiction in which he did not reside.

35. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

36. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Aron Prero, individually and on behalf of all others similarly situated, demands judgment from Defendants F&G as follows:

1. Awarding Plaintiff statutory damages;

2. Awarding Plaintiff actual damages;

3. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

4. Awarding pre-judgment interest and post-judgment interest; and

5. Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: October 14, 2020                               Respectfully Submitted,

                                                      Stein Saks, PLLC

                                                      */s/ Raphael Deutsch*
                                                      Raphael Deutsch, Esq.
                                                      285 Passaic Street
                                                      Hackensack, NJ 07601
                                                      Ph: (201) 282-6500
                                                      Fax: (201) 282-6501
                                                      rdeutsch@steinsakslegal.com
                                                      *Attorneys for Plaintiff*